## SEPTEMBER 24, 1991

No. A–227. McCLESKEY *v.* BOWERS, ATTORNEY GENERAL OF GEORGIA, ET AL. Application for stay of execution of sentence of death scheduled for September 24, 1991, to allow the filing of a petition for writ of certiorari to the Superior Court of Butts County, Georgia, and/or the United States Court of Appeals for the Eleventh Circuit, presented to JUSTICE KENNEDY, and by him referred to the Court, denied. JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application for stay.

JUSTICE MARSHALL, dissenting.

### I

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg.* v. *Georgia,* 428 U. S. 153, 231 (1976), I would grant the application for stay of execution in order to give the applicant time to file a petition for a writ of certiorari, and would grant the petition and vacate the death sentence in this case.

### II

For the third time, this Court disregards Warren McCleskey's constitutional claims. In 1986, McCleskey, an Afro-American defendant, presented uncontroverted evidence that Georgia murder defendants with white victims were more than four times as likely to receive the death sentence as were defendants with Afro-American victims. Despite such clear and convincing evidence of irrationality in sentencing—irrationality we have consistently condemned in our Eighth Amendment jurisprudence—the Court somehow rejected McCleskey's claim and upheld the constitutionality of Georgia's death penalty. See *McCleskey* v. *Kemp,* 481 U. S. 279 (1987). Since then, the factual record has continued to

show that the death penalty is not and cannot be administered fairly: white lives are routinely valued more than Afro-American lives.

Last Term, the Court not only discounted Warren McCleskey's constitutional claim but sharply limited the opportunity of criminal defendants, even those on death row, to obtain federal habeas review. See *McCleskey* v. *Zant*, 499 U. S. 467 (1991). In radically redefining the content of the "abuse of the writ" doctrine, the Court repudiated a long line of judicial decisions and unconscionably denied defendants such as McCleskey the judicial protections the Constitution requires. The Court, in essence, valued finality over justice.

Now, in the final hours of his life, Warren McCleskey alleges that he was denied an impartial clemency hearing because the Attorney General threatened to "wage a full scale campaign to overhaul the pardons and paroles board" if the Board granted relief. McCleskey also alleges that to counteract this assault, the Board's chairman announced, even before the hearing, that there would be "no change" in McCleskey's sentence. In refusing to grant a stay to review fully McCleskey's claims, the Court values expediency over human life.

Repeatedly denying Warren McCleskey his constitutional rights is unacceptable. Executing him is inexcusable.